## MAY, RESPONDENT, *v.* HILL ET AL., BRANAGAN ET AL., INTERVENORS, APPELLANTS.

[Submitted September 11, 1893. Decided April 2, 1894.]

ASSIGNMENT OF DEBT—*Notice—Priority as against attachment.*—Notice to a firm of the assignment of a debt due by it is sufficiently shown by proof that the assignee left with the person in full charge of the firm's business a written order for the claim which was *retained* by such person *with an understanding of the situation,* so as to give such assignee priority over a creditor of the assignor who garnished the firm after such notice. But *quære,* was proof of such notice material?

*Appeal from Fifth Judicial District, Jefferson County.*

ACTION by assignee of debt. Attaching creditor intervenes and defends. Judgment was rendered for plaintiff below by GALBRAITH, J. Affirmed.

Statement of the case by Mr. Justice DE WITT.

In October, 1891, Hill *et al.*, defendants, were indebted in the sum of two hundred and ninety-seven dollars and eighty-six cents, to one O. Rivard. This action is brought by the plaintiff, May, against Hill *et al.*, alleging that this indebtedness from defendants to Rivard had been assigned to May, the plaintiff, for a valuable consideration. The indebtedness claimed in the complaint was three hundred and ninety-five dollars. Defendants filed an answer, in which they admit an

indebtedness of two hundred and ninety-seven dollars and eighty-six cents. They further state that John Branagan *et al.* have garnished this money in an action by them against Rivard. By consent, defendants retired from the litigation after paying the money into court, and Branagan *et al.* filed an answer, and became defendants. It is not necessary to recite their answer in full. It is sufficient to state that the contention upon the trial was between the plaintiff, May, claiming the funds in the hands of Hill *et al.* by virtue of Rivard's assignment of the same to him, by order drawn upon Hill *et al.*, and Branagan *et al.*, claiming the same funds by virtue of a garnishment served upon Hill *et al.* in a suit of Branagan *et al.* against Rivard. The jury found for the plaintiff for the amount of money theretofore paid into court by Hill *et al.* The defendant intervenors moved for a new trial, which motion was denied. From the order and the judgment the intervenors appeal.

*Cowan & Parker,* for Appellants.

DE WITT, J.—It was specified in moving for new trial that the evidence did not show an assignment of the indebtedness by Rivard to May. But this specification is not pressed, and indeed it could not be plausibly urged in face of the record in this case. There was ample testimony of the existence, about October 13th to 20th, of the indebtedness from Hill *et al.* to Rivard. It was in evidence, uncontradicted, that Rivard was indebted to May in a sum equal to or more than the debt from Hill *et al.* to Rivard, and that, in consideration of this indebtedness, Rivard assigned and transferred to May, by written order, the debt of Hill *et al.* to him (Rivard). It was also specified that the evidence was insufficient, in that it did not show that any notice of the assignment and transfer from Rivard to May was given to Hill *et al.* prior to the service of garnishment in the case of Branagan *et al.* against Rivard. It was assumed by counsel, and the case was tried by the court upon the theory that notice of the assignment from Rivard to May was material. We will regard the case from this point of view of the court below.

The record shows that Hill *et al.* were a firm, under the name of Hill, Logan & Co., composed of George H. Hill, William R. Logan, and Theodore H. Kleinschmidt. They were conducting a wood business and store. Their headquarters, office, and store were in the neighborhood of the railroad station of Bernice. Kleinschmidt and Hill took no active part in the business, and never came to the place at all, except for an occasional visit. Logan came sometimes. One Martenstein was in charge of the store, and keeping the books and accounts of the firm. Somewhere from the 13th to the 21st of October, and before Branagan's garnishment of Hill *et al.*, May went to the Hill store, and gave to Martenstein, the bookkeeper, and left with him, the written order by Rivard upon Hill *et al.* to him (May). He told Martenstein that, by virtue of said written order, he claimed the money due from Hill, Logan & Co. to Rivard. Martenstein perfectly understood his claim, and retained the order. At that time Hill and Kleinschmidt were not about the business, nor was Logan there for some ten days during this period. In fact, Martenstein, was the only person in charge of the place, and the only person about connected with or representing the firm.

It is said by appellant that this book-keeper disclaimed any authority. All that the book-keeper disclaimed was authority to give a written acceptance of the order. It is a matter of no materiality in this case whether the book-keeper accepted the order or not. We do not understand how May could have possibly given this order, or notice of its existence, to Hill, Logan & Co., in any other way than he did. He took it to their recognized place of business, where all their affairs out of which this account grew were conducted. He gave it to the person in full charge of that business, when the fact was that two members of the firm were never there, and one member was seldom there, and was upon a long absence at the time of May's visit. It was simply a matter of giving the notice as he did, or not giving it at all. We are of opinion that, if it were necessary in this case to prove notice to Hill, Logan & Co. of the assignment from Rivard to May, there was evidence of the notice ample to sustain the verdict.

Appellants in their brief contend that the order from Rivard to May is tainted with fraud. But this question is not raised by specification or by issue in the pleadings.

The appellants contend that there were certain errors committed in the instructions, but their contention in this respect is in the same line as their specification as to the insufficiency of the evidence to sustain the verdict. We have shown that the evidence was amply sufficient, and we are also of opinion that the instructions very properly presented the case, under the evidence, to the jury.

The judgment of the district court, and the order denying new trial, are affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.